

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-8-2008

# USA v. Watson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2899

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Watson" (2008). *2008 Decisions.* Paper 880.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/880

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 07-2899

UNITED STATES OF AMERICA

v.

DONOVAN ANTHONY WATSON
a/ka
ERROL ANTHONY YOUNG
a/k/a
CHAUNLEY MILLER
a/k/a
MARK SAULTER
a/k/a
OLIVER COHAIN
a/k/a
OSWALK TAIWO
a/k/a
RAYMOND WALKER,

Donovan Anthony Watson,

Appellant

---

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 06-CR-707
District Judge: The Honorable Anita B. Brody

---

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
July 3, 2008

Before: RENDELL, SMITH, and FISHER, *Circuit Judges*

---

OPINION

---

SMITH, *Circuit Judge*.

On March 14, 2007, Donovan Anthony Watson, a Jamaican citizen, pleaded guilty in the United States District Court for the Eastern District of Pennsylvania to a single count of reentry after deportation in violation of 8 U.S.C. § 1326(a) and § 1326(b)(2). The Presentence Investigation Report ("PSR") calculated Watson's Sentencing Guideline range as 57 to 71 months.[1] At sentencing, Watson urged the District Court to consider the fact that the Eastern District did not have a fast-track sentencing program for aliens convicted of violating § 1326 and requested a variance below his Guideline range. The Court considered the absence of a fast-track sentencing program, but it declined to impose a sentence below the Guideline range. This timely appeal followed.[2]

Watson alleges that his sentence "was imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(e)(2). Specifically, Watson argues that the District Court did not understand its authority to vary from the Guidelines under 18 U.S.C. § 3553(a) because of the absence of a fast-track program. Watson

---

[1] This Guideline range is based on an Adjusted Offense Level of 21 and a Criminal History Category of IV. The findings in the PSR are not challenged by either party.

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. Appellate jurisdiction exists under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

concedes that the absence of a fast-track sentencing program is not an unwarranted sentencing disparity under § 3553(a)(6) in light of our decision in *United States v. Vargas*. 477 F.3d 94, 98 (3d Cir. 2007) ("[T]he disparity between sentences in fast-track and non-fast-track districts is authorized by Congress, and, hence, warranted."). Because *Vargas* does not foreclose consideration of the absence of a fast-track sentencing program under § 3553(a)'s other factors, Watson argues that certain statements made by the District Court during sentencing show that the Court believed a variance based on fast-track disparity was only authorized under § 3553(a)(6). The record illustrates that the District Court did understand its authority to vary below the Guideline range. As such, we will affirm the judgment of the District Court.

Watson alleges an error similar to the one addressed by this Court in *United States v. Gunter*, where we held that a district court erred by treating the Guidelines as effectively mandatory when it did not recognize its authority to vary from the Sentencing Commission's crack cocaine Guideline range. 462 F.3d 237, 247-49 (3d Cir. 2006). *Gunter* involved a "non-constitutional" *Booker* error–where a district court fails to recognize its authority to exercise complete discretion during its evaluation of the § 3553(a) factors. *See id*. at 247. Because this presents a question of law, our review is plenary. *Id.*

We are fully aware, however, that sentencing judges' remarks "are unlikely to be a perfect or complete statement of all of the surrounding law." *United States v. Cooper*, 437

3

F.3d 324, 330 n.8 (3d Cir. 2006) (internal citation and quotation marks omitted). Furthermore, this Court has "repeatedly held that district courts are under no obligation 'to routinely state by rote that they have read the *Booker* decision or that they know the sentencing guidelines are now advisory.'" *Vargas*, 477 F.3d at 102 (quoting *Cooper*, 437 F.3d at 329).

During the sentencing colloquy, the District Court "recognize[d] that the sentencing guidelines are no longer mandatory," and stated that it "must determine the facts appropriate for imposing a reasonable sentence that is either a guideline sentence or a non-guideline sentence." After sentencing, the District Court also commended Watson's counsel, Ms. Toplin, for "do[ing] an exceedingly good job in bringing up every factor that I would possibly consider in sentencing . . . ." Moreover, examination of the sentencing transcript clearly illustrates that the District Court considered the totality of the circumstances, including the § 3553(a) factors, the absence of a fast-track program, and Watson's personal situation. *See* 18 U.S.C. § 3661.

Watson relies heavily on the District Court's statement, "I will take it into consideration, but I will only take it into consideration in – in deciding where in the guideline range I'm going to sentence you" to prove his point. Watson's reliance is misplaced, however, as this statement was taken out of context and is merely an explanation by the Court that it chose to place substantial weight on the seriousness of the offense and Watson's recidivism, thereby sentencing closer to the bottom of the Guideline

4

range.  Because we conclude that the District Court understood its authority to impose a sentence below the guideline range based on fast-track disparity, we will affirm the judgment of the District Court.